IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kacy K. Benefield,<br><br>  Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>  Respondents. | No. CV-11-00438-PHX-ROS<br><br>**ORDER** |

On July 2, 2012, Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation ("R&R") recommending Kacy K. Benefield's petition for writ of habeas corpus be denied. (Doc. 31). Petitioner filed timely objections. (Doc. 32). For the following reasons, the R&R will be adopted and the petition denied.

**BACKGROUND**

On January 27, 2005, Petitioner was convicted of burglary, disorderly conduct, endangerment, and assault. On April 29, 2005, Petitioner was sentenced to approximately sixteen years' imprisonment. Shortly thereafter, Petitioner filed a timely notice of appeal. Petitioner's counsel was unable to find any colorable claims for relief and filed a brief requesting she be allowed to withdraw. Petitioner filed a *pro se* brief raising various claims. In April 2006, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. On December 12, 2006, the Arizona Supreme Court denied review. Petitioner did not seek a writ of certiorari from the United States Supreme Court.

Before the deadline for filing a petition for writ of certiorari expired, Petitioner filed a notice of post-conviction relief in the trial court. After numerous extensions, Petitioner filed his petition on May 28, 2008. The trial court denied the petition on October 22, 2008. On November 21, 2008, Petitioner filed a petition for review in the Arizona Court of Appeals. On October 19, 2009, Petitioner's postconviction counsel wrote to Petitioner advising him that his petition for review was still pending. (Doc. 21 at 22). On January 25, 2010, the Arizona Court of Appeals denied review. Petitioner had thirty days to seek review of that ruling by the Arizona Supreme Court. Petitioner did not seek such review, meaning the one-year time period for filing his federal petition began to run as of approximately February 25, 2010.

According to a statement from Petitioner's postconviction counsel, that counsel never received notice from the Arizona Court of Appeals informing him of the January 25, 2010 decision. (Doc. 21 at 22). Petitioner claims he did not receive notice of that decision until March 11, 2010.[1] It was on that date that the Arizona Court of Appeals returned the record to the Maricopa County Superior Court and sent a letter to an official at the Department of Public Safety stating Petitioner's post-conviction proceedings had ended. (Doc. 21 at 23). Based on the alleged delay in providing notice, Petitioner argues the "one year clock" for filing his federal petition did not start until March 11, 2010. (Doc. 21 at 1).

Petitioner filed the present petition for writ of habeas corpus on approximately March 1, 2011.[2] Petitioner has not explained what prevented him from filing his petition between

---

[1] Petitioner does not explicitly state he received notice on that date but he uses that date as the date he believes his one-year time limit began to run.

[2] The petition was filed on the Court's docket on March 7, 2011. The petition reflects that it was signed on February 28, 2011 and "placed in the prison mailing system on 03- -11." (blank in original). It appears Petitioner forgot to fill in the precise date he placed his petition in the prison mailing system. It is clear, however, that he placed the petition in the mailing system sometime in March 2011. Thus, the absolute earliest the petition can be deemed filed is March 1, 2011. *See Porter v. Ollison*, 620 F.3d 952, 955 (9th Cir. 2010) (applying the prison mailbox rule).

- 2 -

March 11, 2010 (the date he believes the one-year clock should have started) and February 25, 2011 (the deadline for filing the petition based on the date the Arizona Court of Appeals denied review).

## ANALYSIS

### I. Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the R&R, the district court's review of the part objected to is to be *de novo. Id.* Petitioner has objected to Magistrate Judge Anderson's recommendation regarding timeliness. Thus, the Court will conduct a *de novo* review of that issue. Based on the Court's decision regarding timeliness, the Court need not reach the other issues raised in the petition.

### II. Petitioner is Not Entitled to Equitable Tolling

A "petition for writ of habeas corpus ordinarily must be filed within one year after the state court judgment becomes final by the conclusion of direct review or the expiration of the time to seek direct review." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). This one-year clock is subject to statutory and equitable tolling. *Wood v. Milyard*, 132 S.Ct. 1826, 1831 (2012). The parties agree statutory tolling applies to prevent any time from running prior to the Arizona Court of Appeals' January 25, 2010 decision. The only issue is whether equitable tolling applies such that this petition, filed more than one year after the Arizona Court of Appeals decision, is timely.

As explained by the Supreme Court, a petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way, and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). To meet the latter requirement, "[t]he petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010). This requires the "extraordinary circumstances" be "the but-for and

- 3 -

1 proximate cause of [the] untimeliness." *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001)
2 *reversed on other grounds upon rehearing en banc*, 295 F.3d 1046 (9th Cir. 2002). Under
3 these causation requirements, it is "much more difficult for a prisoner to demonstrate
4 causation when he encounters the 'extraordinary circumstances' in the beginning or middle
5 of the limitations period than where he encounters them at the end of [the] limitations
6 period." *Id.* This is because a diligent prisoner will be able to "overcome such early
7 obstacles" and the obstacles will not prevent him from filing his petition by the original
8 deadline. *Id.*

9 Petitioner claims the "extraordinary circumstances" at issue here are that the Arizona
10 Court of Appeals did not provide him timely notice of its decision denying his postconviction
11 petition. Petitioner is correct that a state's failure to notify a prisoner regarding a final
12 decision in his case may support equitable estoppel. *Ramirez v. Yates*, 571 F.3d 993, 997
13 (9th Cir. 2009). But late notice, standing alone, is not sufficient. Equitable estoppel will
14 apply only if there is evidence that the state's failure actually prevented the prisoner from
15 filing his petition by the deadline. Petitioner has not established any connection between the
16 one month delay in his receiving notice of the Arizona Court of Appeals' decision and his
17 waiting until March 2011 to file his federal petition. That is, even assuming Petitioner did
18 not receive notice regarding his postconviction petition until March 2010, he has not
19 submitted any evidence showing that delay made it impossible to file his petition by February
20 2011. Under his own view of the facts, Petitioner had eleven months to prepare his federal
21 petition. There is no indication why that period was insufficient and equitable tolling is not
22 available. *See San Martin v. McNeil*, 633 F.3d 1257, 1270-71 (11th Cir. 2011) (finding
23 equitable tolling did not apply because petitioner did not explain "how the two-week delay
24 in receiving notice" of a court ruling "ultimately caused the late filing of his federal habeas
25 petition").

26
27
28

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 31) is **ADOPTED** and the Petition for Writ of Habeas Corpus shall be **DISMISSED**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED**. Dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

DATED this 6th day of August, 2012.

_____
Roslyn O. Silver
Chief United States District Judge